UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNMB Home Loans, Inc.,<br><br>Plaintiff,<br><br>-v-<br><br>Jaeson Morris, Ted Witkus, and Success Mortgage Partners, Inc.,<br><br>Defendants, | 2:25-cv-4532<br>(NJC) (SIL) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

The Court has reviewed the response to the Court's August 28, 2025 Order to Show Cause (Order Show Cause, ECF No. 8) filed by Defendants Jaeson Morris ("Morris"), Ted Witkus ("Witkus"), and Success Mortgage Partners, Inc. ("Success") (collectively, "Defendants"), which includes as exhibits the affirmations of Witkus and Morris (Witkus Aff., ECF No. 11-1; Morris Aff., ECF No. 11-2). The Court has also reviewed the "response in opposition" to Defendants' response filed by Plaintiff UNMB Home Loans, Inc. ("UNMB") (ECF No. 12) and Defendants' reply to that response (ECF No. 13). The Court's Order to Show Cause did not entitle UNMB to a response or Defendants to a reply. Accordingly, the Court does not consider these filings.

Defendants have established that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C § 1332(a).

First, Defendants have established complete diversity of the parties because Plaintiff UNMB Home Loans, Inc. ("UNMB") is a citizen of New York, Morris and Witkus are citizens of Tennessee, and Success is a citizen of Michigan for the following reasons.

In his affidavit, Witkus attests that he "resides in Lebanon, Tennessee," "owns his home in Tennessee, "holds a Tennessee driver's license," has his car registered in Tennessee, is "registered to vote in Tennessee," is "employed in Tennessee," "pays taxes to the state of Tennessee," maintains bank accounts located in Tennessee, is "a member of a church in Tennessee," and has a "primary physician and dentist . . . located in Tennessee." (Witkus Aff. ¶ 7.) Similarly, in his affidavit, Morris attests that he "resides in Dickson, Tennessee," has owned his home in Tennessee since 2008, "holds a Tennessee driver's license," has his car registered in Tennessee, is "registered to vote in Tennessee," is "employed in Tennessee," "pays taxes to the state of Tennessee," maintains bank accounts located in Tennessee, is "a member of a church in Tennessee," and has a "primary physician and dentist . . . located in Tennessee." (Morris Aff. ¶ 7.) In light of these facts, Defendants have established that Witkus and Morris are domiciled in and are citizens of Tennessee. *See Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (recognizing that "current residence," "voting registration," "whether a person owns or rents his place of residence," "driver's license and automobile registration," "location of . . . bank accounts," "membership in . . . churches," "places of employment," "payment of taxes," "whether a person owns or rents his place of residence," "how permanent the living arrange appears," and "the location of a person's physician and dentist" weigh towards a finding that an individual is domiciled in the state for diversity purposes).

As discussed in the Order to Show Cause, "UNMB is a citizen of New York and . . . Success is a citizen of Michigan" because "the Notice of Removal alleges that UNMB 'is a corporation incorporated and authorized to do business under the laws of the state of New York, with its principal place of business at 3601 Hempstead Turnpike, Suite 300, Levittown, NY 11756'" and "that Success 'is a corporation incorporated and authorized to do business under

2

the laws of the state of Michigan, with its principal place of business at 1200 S. Sheldon Road, Plymouth, MI 48170.'" (Order Show Cause at 4 (quoting Not. Removal ¶¶ 8.c–d).)

Second, as discussed in the Order to Show Cause, the Complaint establishes that the amount in controversy exceeds $75,000 as required for jurisdiction under 28 U.S.C. § 1332(a) because the Complaint alleges that UNMB is seeking a total of $40,000 against Morris and Witkus, as well as "[a]ctual, compensatory, and consequential damages, including but not limited to, lost sales, lost profits, and lost business opportunities" and "[p]unitive or exemplary damages as permitted by law" "resulting from the Defendants' unlawful scheme to divert UNMB's customers and a direct competitor for their benefit at a great harm and injury to UNMB." (Order Show Cause 4–5 (quoting Compl. at 18–19 and *id.* ¶ 15).)

Even if the Court were to consider UNMB's argument in its response that the damages it seeks against Witkus and Morris "total $40,000" and those against "Success would not exceed $25,000," the amount-in-controversy requirement would remain satisfied. In determining whether the amount of controversy requirement is satisfied, the Court must, as it did in the Order to Show Cause, "look first to the . . . complaint." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). As discussed, the Complaint establishes a "reasonable probability that the amount in controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* A party "may rebut that presumption by demonstrating to a *legal certainty* that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Id.* (emphasis added); *see also Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 476 (E.D.N.Y. 2019) (same). Here, UNMB has

3

failed to demonstrate to a legal certainty that the damages it seeks, as stated in the Complaint, do not exceed $75,000. Instead, UNMB offers only conclusory statements, unsupported by any factual allegations, that the damages it seeks are only $65,000.

Thus, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000, there is diversity jurisdiction over this action under 28 U.S.C § 1332(a).

Dated: Central Islip, New York
       September 11, 2025

                                         /s/ Nusrat J. Choudhury
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge